The other alleged false statement is that the defendant could not manufacture and sell the said article at a profit and pay said royalty of fifteen per cent., and upon that there is no evidence that that was not true; not the slightest evidence but what it could not make a profit; and so I think the whole contention must be summed up in this: That up to the time that these negotiations were commenced the business had not been successfully carried on, and that there had been no substantial sales of property, and that it was still a doubtful enterprise, and one in which the chances were, as all of them thought at that time, and all believed, that, unless something was done to relieve the situation, there would be no sales; and he then said at the price at which it had been scheduled it could not pay a royalty, and they came together, and, in order to induce sales, they did lower the royalty. The schedule was not reduced. The same schedule was left in operation, and the royalty was reduced so that he might make a profit. There is no evidence in the case but what he told the exact truth. One of these expressions of opinion was that the present schedule would not stand the royalty; that is, it would not pay him. The burden in a case of this character being upon the plaintiff to establish a cause of action, I think they have failed here, and that the complaint must be dismissed upon the merits. Present the decision.

Exception by plaintiffs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

W. J. Townsend, for appellants.

H. H. Bowman, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

(82 App. Div. 346.)

CHISHOLM v. TOPLITZ.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. ADMINISTRATORS — RENEWING LEASE TO INTESTATE—ACTION FOR RENT—PARTIES.

An administrator of a lessee in a lease which provided for renewal only at the option of the lessee, on a valuation of the land only, the improvements belonging to the lessee, and making no provision for compensation therefor if there was no renewal, cannot bind the estate by a renewal; so that he is properly sued personally for the rent, on a lease made to him as administrator.

Appeal from Trial Term, New York County.

Action by Mary A. Chisholm against Henry L. Toplitz. From a judgment for plaintiff, defendant appeals. Affirmed.

The opinion of the court below (SCOTT, J.) is as follows:

The defendant is administrator with the will annexed of Lippman Toplitz, deceased, who was the lessee of a lot of land in the city of New York, under a lease made in 1877 for a term of 21 years, and which had over a year to run when the defendant was appointed administrator. The lease was of the land only, the building upon it belonging to the lessee. It provided for perpetual renewals, at the option of the lessee, at rentals estimated upon the value of the land as a vacant lot at the expiration of each term. No provision was made whereby compensation should be made to the lessee for the value of the building at the end of any term in case he should not exercise his option to take a renewal. The lease upon which this action for rent is

brought was made to the defendant "as administrator with the will annexed of the estate of Lippman Toplitz, deceased." The question presented is whether this action can be maintained against the defendant individually, or whether it should be brought against him as administrator. It is well settled in this state by a long line of decisions that, as a general rule, executors or trustees cannot, by their executory contracts, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, bind the estate, and thus create a liability not founded upon the contract or obligation of the testator. O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. The reason for the rule demonstrates its applicability to the case at bar. While, as between the executor and the person with whom he contracts, the latter may rely upon the contract, the beneficiaries are not concluded by the executor's acts, but the propriety of the charge and the liability of the estate therefor must be determined in the accounting of the executor. In an action at law against the executor, the legatees and persons interested in the estate have no opportunity to be heard. Ferrin v. Myrick, 41 N. Y. 315; O'Brien v. Jackson, supra. The defendant insists that this case falls within the exception to the general rule, because the lease upon which suit is brought is founded upon a lease made by the testator in his lifetime. It is founded upon it, however, only in the sense that the fact that the testator had entered upon the prior lease afforded an opportunity to the defendant to make the present lease. It did not create any obligation so to do. If the option to renew had been vested in the lessor, and not in the lessee, so that the defendant in consequence of the testator's agreement had been obliged to accept a new lease, the case would have been brought within the exception. But it is said that the fact that, if the lease had not been renewed, the testator's estate would have forfeited the building on the lot, justified and practically compelled the administrator, in the interest of the estate, to renew the lease. That is precisely the question that cannot be litigated in an action against the defendant as administrator. Whether it was a judicious act to renew the lease in order to save the building is a question in which the legatees or distributees of the estate are interested, and upon which they are entitled to be heard. They could not be so heard if the landlord had sued the administrator, as such, in an action at law. In my opinion, the action is properly brought against the defendant personally, and there must be judgment for the plaintiff. Extra allowance, $100. Settle decision on notice.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

R. L. Sweezy, for appellant.
J. W. Gerard, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.

---

## LANGLEY v. ROUSS.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. BUILDING CONTRACTS—ARCHITECTS—AUTHORITY—CONDITIONS OF CONTRACT—WAIVER.

Where a building contract provided that the contractor should provide all the materials and perform all the work to the satisfaction of a certain architect, acting for the purposes of the contract as the agent of the owner, such architect had authority to waive a provision of the contract